# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 20, 2002 Session

## MANNY T. ANDERSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-B-1242      Cheryl Blackburn, Judge**

---

**No. M2002-00641-CCA-R3-PC - Filed April 30, 2003**

---

The petitioner pled guilty to two counts of aggravated assault and one count of aggravated kidnapping on September 10, 1998, and was sentenced as a Range II, multiple offender to concurrent sentences of eight years at 35% for each count of aggravated assault and as a Range I, standard offender to eight years at 30% for the aggravated kidnapping charge, with the sentence suspended and the petitioner placed on eight-year probation. As a result of a probation violation, the trial court, on September 14, 2001, revoked probation and amended the judgments so that the sentence to be served for aggravated kidnapping was modified to eight years at 100%. Challenging the amendment, a *pro se* petition for post-conviction relief was filed on January 2, 2002, which was denied as being untimely. On appeal, the petitioner argues that, because the one-year statute of limitations began to run at the time of entry of the amended judgment for the kidnapping conviction, his post-conviction petition was timely. We agree and reverse the order of the post-conviction court dismissing the petition as untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and JOE G. RILEY, JJ., joined.

Barry R. Tidwell, Nashville, Tennessee, for the appellant, Manny T. Anderson.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTS

The petition to enter plea of guilty dated September 10, 1998, provides that the petitioner, Manny T. Anderson, was to plead guilty to two counts of aggravated assault and one count of aggravated kidnapping. According to the petition, the punishment for each of the two counts of aggravated assault was to be "8 years, Range II suspend all but time served[,] 8 years supervised probation concurrent 52 weeks Peace," and for the aggravated kidnapping "8 yrs., Rg. I suspend all but time served[,] 8 years supervised probation concurrent consecutive to 96-B-855." These pleas of guilty were accepted, and sentences imposed, by another trial court judge sitting by interchange.

In a letter dated June 11, 1999, the Tennessee Department of Correction notified the trial court of an "upcoming change in the calculation of [the petitioner's] sentence that was imposed September 10, 1998" because, in January 1998 when the aggravated kidnapping was committed, Tennessee Code Annotated section 40-35-501 mandated that anyone convicted of that offense must serve 100% of the sentence imposed.[1] "If revoked from probation," the letter states, "the Department will be recalculating [the petitioner's] sentence to comply with the order of the Davidson County court."

Subsequently, the trial court issued a warrant on January 21, 2000, for the petitioner's arrest because of the allegation that he had violated his probation by being arrested for aggravated child abuse on December 1, 1999, and failing to report the arrest to his probation officer as was required. Thereafter, amended judgments were entered on April 19, 2000, stating: "Defendant admits violation; time served; back onto probation after serving sentence in 96-B-855."

On September 14, 2001, the trial court again entered amended judgments for the petitioner's September 10, 1998, convictions for aggravated assault and aggravated kidnapping, providing the sentence to be served for aggravated kidnapping was modified to eight years at 100% "to serve as a violent offender." The sentences to be served for the two counts of aggravated assault were left unchanged.

---

[1] Tennessee Code Annotated section 40-35-501(i) (1997) provides, in pertinent part:
> (1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (2). Such person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236, or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).
> (2) The offenses to which the provisions of subdivision (1) apply are:
> . . . .
>   (D) Aggravated kidnapping.

The petitioner filed a *pro se* petition for post-conviction relief, styled "Petition for Relief from Conviction or Sentence," on January 2, 2002, contesting the resentencing as to the aggravated kidnapping conviction and seeking to withdraw his pleas of guilty as to this offense as well as both counts of aggravated assault. This petition was denied by an order entered January 16, 2002, which stated:

> The final action of the trial court in this matter occurred when it sentenced Petitioner to an effective sentence of eight (8) years at one hundred percent (100%) on September 10, 1998. Therefore, the judgment of the Court became final on that date. Accordingly, Petitioner's deadline for filing his petition within the statutory guidelines was September 10, 1999. Petitioner did not file his petition until January 2, 2002, over one (1) year after the statute of limitations had tolled in this matter.

Tennessee Code Annotated section 40-30-202(a), upon which the court based its ruling, provides, in pertinent part:

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity.

The petitioner filed a second *pro se* petition for post-conviction relief, styled "Amendment of Post Conviction," on January 29, 2002, setting out claims similar to that in his first petition and seeking his "immediate release." The post-conviction court denied this petition as well for being untimely. The petitioner's notice of appeal filed on February 27, 2002, appeals from the post-conviction court's January 30, 2002, dismissal of his second post-conviction petition, but not the January 16, 2002, dismissal of the first post-conviction petition.

## ANALYSIS

The petitioner argues that the one-year statute of limitations on post-conviction petitions began to run at the discovery of the facts on which the petition was based and, therefore, the trial court erred in denying his request for relief as untimely. As he argues in his brief, "at the time of his plea, the issue that forms the heart of his petition for post-conviction relief, was not discoverable to him, nor was there a reasonable expectation that he could have discovered the issue within the one year statute of limitation period."

The State contends that the petitioner's argument is waived because his notice of appeal was untimely and, in any event, that the trial court correctly held that the statute of limitations began to run on September 10, 1998, the day the petitioner entered his guilty pleas.

Because the trial court first denied his petition on January 16, 2002, and he filed his notice of appeal on February 27, 2002, the State is correct in stating that the petitioner's notice of appeal was outside of the thirty-day statutory time period mandated by Tennessee Rule of Appellate Procedure 4(a) which provides, in pertinent part, as follows:

> In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the "notice of appeal" document is not jurisdictional and the filing of such document may be waived in the interest of justice. The appropriate appellate court shall be the court that determines whether such a waiver is in the interest of justice.

Although the petitioner does not argue that the requirement of a timely filing of a notice of appeal should be waived in the interest of justice, Rule 4 permits this court to waive the requirement on our own motion when it is in the interest of justice to do so. Here, because the petitioner's appeal has merit, we conclude that it is in the interest of justice that the notice of appeal requirement be waived. See State v. Dodson, 780 S.W.2d 778, 780-81 (Tenn. Crim. App. 1989). Therefore, we will now consider the single narrow issue raised by the petitioner's appeal.

The State contends that the statute of limitations began to run on September 10, 1998, the day the petitioner entered his guilty pleas. Urging a strict adherence to the language of Tennessee Code Annotated section 40-30-202(a) stating that the one-year "statute of limitations shall not be tolled for any reason," the State argues that it had run on January 2, 2002, when the first petition for post-conviction relief was filed. The State further asserts that none of the statutory exceptions to the one-year statute of limitations applies to the petitioner. See Tenn. Code Ann. § 40-30-202(b).

In certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise after the point at which the limitations period would normally have begun to run, as explained in Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995), setting out the three-step process to determine whether to apply the statute of limitations:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the

case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Id.

By the State's argument, the petitioner had only until September 10, 1999, to complain about an amended judgment which was not filed until two years later, in September 2001. We respectfully disagree that the petitioner, exercising even extraordinary diligence, could have anticipated an occurrence two years later or, even if he did so anticipate, draft a post-conviction petition to complain about a violation of his rights occurring two years in the future.

Accordingly, we respectfully disagree with the State's position and conclude that the statute of limitations for the petitioner's filing of a post-conviction petition began to run in September 2001 when the amended judgment was filed as to the aggravated kidnapping. Thus, the post-conviction petition was timely, although the notice of appeal was not. Given the circumstances, however, we waive the untimely filing of the notice of appeal and remand the matter for the petition to be considered as timely.

## CONCLUSION

Based on the foregoing authorities and reasoning, we reverse the trial court's denial of the the petition for post-conviction relief and remand the post-conviction petition to be treated as being timely filed.

_____
ALAN E. GLENN, JUDGE